# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

**RAELYNN COWAN**                                                                   **PLAINTIFF**

**V.**                 **CASE NO. 1:18-CV-00084 BSM-JTK**

**ANDREW SAUL,**
**Commissioner of Social Security Administration**[1]                **DEFENDANT**

## RECOMMENDED DISPOSITION

**I.**    **Procedures for filing Objections:**

This Recommended Disposition ("Recommendation") has been sent to District Judge Brian S. Miller. You may file written objections to this Recommendation. If you file objections, they must be specific and must include the factual or legal basis for your objection.

Your objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation.

If no objections are filed, Judge Miller can adopt this Recommendation without independently reviewing the record. By not objecting, you may also waive any right to appeal questions of fact.

**II.**    **Introduction:**

Plaintiff, Raelynn Cowan ("Cowan"), applied for disability benefits on July 29, 2016, alleging a disability onset date of April 13, 2016. (Tr. at 64). After conducting a hearing, the Administrative Law Judge ("ALJ") denied her application. (Tr. at 76). The Appeals Council denied her request for review. (Tr. at 1). The ALJ's decision now stands as the final decision of the Commissioner, and Cowan has requested judicial review.

---

[1] On June 6, 2019, the United States Senate confirmed Mr. Saul's nomination to lead the Social Security Administration. Pursuant to Fed. R. Civ. P. 25(d), Mr. Saul is automatically substituted as the Defendant.

For the reasons stated below, this Court should affirm the decision of the Commissioner.

III. **The Commissioner's Decision:**

The ALJ found that Cowan had not engaged in substantial gainful activity since the alleged onset date of April 13, 2016 (Tr. at 66). The ALJ found, at Step Two of the sequential five-step analysis, that Cowan had the following severe impairments: past history of knee surgeries, fibromyalgia, rheumatoid arthritis, anxiety, post-traumatic stress disorder (PTSD), and depression. *Id*.

At Step Three, the ALJ determined that Cowan's impairments did not meet or equal a listed impairment. *Id*. Before proceeding to Step Four, the ALJ determined that Cowan had the residual functional capacity ("RFC") to perform light work with restrictions: 1) she could only occasionally stoop, crouch, bend, kneel, crawl, and balance; 2) she could perform work that is simple, routine, and repetitive, with supervision that is simple, direct, and concrete; and 3) she could occasionally interact with the public and frequently interact with co-workers and supervisors. (Tr. at 68).

The ALJ found that Cowan was unable to perform any past relevant work. (Tr. at 75). Next, the ALJ relied on the testimony of a Vocational Expert ("VE") to find that, considering Cowan's age, education, work experience and RFC, jobs existed in significant numbers in the national economy that she could perform, such as rental clerk and office helper. (Tr. at 76). Therefore, the ALJ found that Cowan was not disabled. *Id*.

IV. **Discussion:**

A. Standard of Review

The Court's role is to determine whether the Commissioner's findings are supported by substantial evidence. *Prosch v. Apfel*, 201 F.3d 1010, 1012 (8th Cir. 2000). "Substantial evidence" in this context means less than a preponderance but more than a scintilla. *Slusser v. Astrue*, 557

F.3d 923, 925 (8th Cir. 2009). In other words, it is "enough that a reasonable mind would find it adequate to support the ALJ's decision." *Id.* (citation omitted). The Court must consider not only evidence that supports the Commissioner's decision, but also evidence that supports a contrary outcome. The Court cannot reverse the decision, however, "merely because substantial evidence exists for the opposite decision." *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) (quoting *Johnson v. Chater*, 87 F.3d 1015, 1017 (8th Cir. 1996)).

B. Cowan's Arguments on Appeal

Cowan argues that substantial evidence does not support the ALJ's decision to deny benefits. She contends that the ALJ failed to fully develop the record with respect to mental impairments, and that the ALJ failed to consider her impairments in combination.

Cowan's argument focuses on her mental impairments. She saw a counselor on March 17, 2016, at which time she presented with a calm mood and appropriate affect. (Tr. at 749). She said Ativan was working well for her. *Id*. Impairments that are controllable or amenable to treatment do not support a finding of total disability. *Mittlestedt v. Apfel*, 204 F.3d 847, 852 (8th Cir. 2000). A month later, Cowan's mood was still calm and appropriate. (Tr. at 757). Cowan reported that her sleep was improved and her depression was manageable. *Id*. A lack of clinical findings may support an ALJ's decision to deny benefits. *Gowell v. Apfel*, 242 F.3d 793, 796 (8th Cir. 2001). In May 2016, while her diagnoses were PTSD and depression, Cowan said that the medications she was taking were "helping extremely well." (Tr. at 769).

Cowan began seeing Dr. Kam Lie, M.D., her primary care physician. (Tr. at 798-830). Cowan told Dr. Lie that anxiety, insomnia, and PTSD were responding well to medication. *Id*. At visits throughout 2017, Cowan reported she was doing well, sleeping better, and her depression

and anxiety were stable. (Tr. at 940-967). While Dr. Lie was not a mental health specialist, he noted her psychiatric status at each appointment, and found that overall, she was stable. (Tr. at 814, 822, 830, 858, 874, 937, 940, 952, 955, 967).

Dr. Holly Jumper, M.D., performed a consultative examination on February 25, 2017. (Tr. at 845). While Cowan was weepy at times, she was alerted in all spheres and cooperative with the examination. (Tr. at 846). She was able to communicate with no deficits, had intact memory, and had good insight and cognitive function. *Id*. Dr. Jumper opined that Cowan could hold a conversation, respond appropriately to questions, and carry out and remember instructions. (Tr. at 847). Dr. Jumper also found that Cowan could sit, walk, and stand for a fully workday and lift and carry objects without limitations. *Id*.

State agency reviewing physicians found that Cowan was capable of medium work and did not have severe mental impairments, because her conditions were stable. (Tr. at 166, 181).

The only medical opinion that supports Cowan's claim she was mentally disabled is that of Lockie Barnett-Jones, LCSW. Cowan started seeing her for therapy in June 2017, and that very same month, after one visit, Ms. Barnett-Jones described debilitating mental conditions. (Tr. at 894-898). Within 16 mental functional ability spheres, Ms. Barnett said Cowan would be unable to meet competitive standards in 7 of them and had no useful ability to function in 9. (Tr. at 896). Ms. Barnett Jones said that Cowan cried all day, isolated herself, and had trouble caring for herself. *Id*. It is hard to believe that Ms. Barnett-Jones could draw these conclusions with any authority after only one visit. Likewise, at several visits to Ms. Barnett-Jones clinic, Cowan had grossly normal mental status exams. (Tr. at 905-907, 915, 923). After several visits with Ms. Barnett-Jones, Cowan reported her anxiety was better and she was sleeping well. (Tr. at 911, 915, 922,

4

923). Improvement in condition supports an ALJ's finding that a claimant is not disabled. *See Lochner v. Sullivan*, 968, F.2d 725, 728 (8th Cir. 1992). Cowan said in July 2017 that her medications were helping to keep her more level. (Tr. at 923). Furthermore, Cowan reported that she could prepare meals, do laundry, manage finances, shop in stores, tend to her animals, craft, and read. (Tr. at 403-408, 909-911). Such daily activities undermine her claims of disability. *Shannon v. Chater*, 54 F.3d 484, 487 (8th Cir. 1995).

Ms. Barnett-Jones also wrote a letter for Cowan on February 9, 2018. In it she detailed Cowan's crying, erratic sleep, lack of hygiene, and panic attacks. (Tr. at 977). She said Cowan could not perform competitive employment. *Id.* First, Ms. Barnett-Jones's opinion on Cowan's ability to work involves an issue reserved for the Commissioner, and therefore is not entitled to controlling weight. *Stormo v. Barnhart*, 377 F.3d 801, 805 (8th Cir. 2004). Second, it is inconsistent with Dr. Lie's reports of stable conditions, Cowan's improvement with medication, and Dr. Jumper's description of unimpaired cognitive abilities. When a treating provider's opinions "are inconsistent or contrary to the medical evidence as a whole, they are entitled to less weight." *Krogmeier v. Barnhart*, 294 F.3d 1019, 1023 (8th Cir. 2002).

Cowan argues that the ALJ based his decision on a record that was not fully developed. She asserts that she should have seen another consultative examiner, or that the ALJ should have obtained a treating physician's opinion. The ALJ ***did*** order a consultative exam, by Dr. Jumper. Dr. Jumper made findings consistent with the record, and her opinion, therefore, was given great weight. (Tr. at 74). Further, the ALJ considered the full record, including treatment notes from Dr. Lie and Ms. Barnett-Jones. He also addressed the reviewing physician opinions. Finally, he discussed Cowan's daily activities and response to treatment. Record development was sufficient.

Cowan also contends that the ALJ did not consider her impairments in combination. She does not describe what impairments she is talking about, but the Court infers she means her back and knee pain, as well as osteoarthritis. Objective imaging of her back, knee, and hip showed mild conditions at most. (Tr. at 780, 789, 847-849). Dr. Jumper found that Cowan had good strength and muscle tone, no abnormal reflexes, she could stand on tiptoes, heels, and tandem walk, and she could bend without difficulty. *Id.* Dr. Lie noted in August 2017 that Cowan's back pain was better, and she was responding to medication. (Tr. at 963). Her pain management doctor recommended weight loss and exercise. (Tr. at 14). As for migraine headaches, which Cowan mentioned at the hearing, she said she did not have any treatment for such. (Tr. at 121). The ALJ relied on the evidence in the record as a whole to consider all of Cowan's impairments in combination.

V. **Conclusion:**

There is substantial evidence to support the Commissioner's decision to deny benefits. The ALJ based his decision on a fully developed record and properly considered all of Cowan's impairments. The finding that Cowan was not disabled within the meaning of the Social Security Act, therefore, should be affirmed. The case should be dismissed, with prejudice.

IT IS SO ORDERED this 7th day of August, 2019.

_____
UNITED STATES MAGISTRATE JUDGE